UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NGUYEN KHANH DU TRAN and
MALIK MANDY,

     Plaintiffs,

v.                                  Case No: 8:23-cv-237-CEH-AAS

DOORDASH, INC. and KEVIN
LEROY LOUWAGIE,

     Defendants.

_____/

## ORDER

This matter comes before the Court on Defendant's Motion for Remand (Doc. 9), filed on February 21, 2023.  In the motion, Defendant DoorDash, Inc., requests the Court remand this action to state court because the Court lacks subject-matter jurisdiction.  Plaintiffs, Malik Mandy and Nguyen Khanh Du Tran, have no objection to the motion. Doc. 10. The Court, having considered the motion and being fully advised in the premises, will grant Defendant's Motion for Remand.

## BACKGROUND

This case arises out of an automobile accident that occurred in Hillsborough County, Florida on February 27, 2022. Doc. 1-3. Plaintiff, Malik Mandy, was operating a motor vehicle, in which Plaintiff Nguyen Khanh Du Tran was a passenger. Plaintiffs were travelling southbound on Dale Mabry Highway. Plaintiffs allege that Defendant Kevin Leroy Louwagie ("Louwagie"), who was driving northbound on

Dale Mabry Highway, negligently operated his vehicle causing it to collide with the Plaintiffs' vehicle. As a result, Plaintiffs allege they suffered injuries. At the time of the accident, Louwagie was employed as a driver by Defendant, DoorDash, Inc.

Plaintiffs sued DoorDash and Louwagie in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County. On February 3, 2023, DoorDash, Inc., removed the action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1. On February 21, 2023, DoorDash filed a Motion for Remand, acknowledging that Defendant Kevin Leroy Louwagie is a Florida citizen. Therefore, diversity is lacking. Doc. 9. Plaintiffs filed a response indicating that they have no objection to the action being remanded to state court. Doc. 10.

## LEGAL STANDARD

A defendant may remove a civil action from state court to the district court of the United States for the district and division within which such action is pending, as long as the district court has jurisdiction. 28 U.S.C. § 1441(a). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)); *see Univ. of S. Ala. v. Am. Tobacco*, 168 F.3d 405, 411–412 (11th Cir. 1999) ("The burden of establishing subject matter jurisdiction falls on the party invoking removal."). Congress granted district courts original subject matter jurisdiction over civil actions sitting in diversity. 28 U.S.C. § 1332. Diversity jurisdiction exists where the lawsuit is between citizens of different states and the

2

amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* § 1332(a)(1).

## DISCUSSION

"The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). The bases for federal subject matter jurisdiction are confined, as federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

Defendant DoorDash moves to remand this action because its driver, Kevin Leroy Louwagie, is a Florida citizen. In order for diversity jurisdiction to exist under 28 U.S.C. § 1332, each defendant must be diverse from each plaintiff. *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002). Here, Plaintiffs are citizens of Florida, and the Defendant driver Kevin Louwagie is a Florida citizen. Thus, complete diversity does not exist. Accordingly, it is hereby

**ORDERED**:

1.    Defendant's Motion for Remand (Doc. 9) is **GRANTED**.

2.    This action is **REMANDED** to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Case No. 22-CA-009389, as this court lacks subject-matter jurisdiction.

3.      The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Thirteenth Judicial Circuit Court, in and for Hillsborough County, Florida.

4.      The Clerk is further directed to terminate any pending deadlines and motions and close this case.

**DONE AND ORDERED** in Tampa, Florida on March 3, 2023.

*Charlene Edwards Honeywell*

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any